TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Dawn French

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn French, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Quality Resources, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Dawn French, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Dawn French (hereafter "Plaintiff"), is an adult individual residing in Gilbert, Arizona 85234, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      The Defendant, Quality Resources, Inc.  (hereafter "Quality Resources"), is a company with an address of 19321C US Highway 19 North, Suite 200, Clearwater, Florida 33764, and is a "person" as defined by 47 U.S.C. § 153(10).

6.      Does 1-10 (the "Agents") are individual employees and/or agents employed by Quality Resources and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

2

7.     Quality Resources at all times acted by and through one or more of the Collectors.

### FACTS

8.     Within the last four years, Quality Resources called Plaintiff's cellular telephone at XXX-XXX-5696 by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice in an attempt to solicit its services to Plaintiff.

9.     When Plaintiff answered the calls from Quality Resources, she heard a prerecorded message delivered by Quality Resources.

10.    Plaintiff never provided her telephone number to Quality Resources and never provided her consent to be called at her cellular telephone.

11.    During a live conversation with Quality Resources' representative, Plaintiff informed Quality Resources that she was not interested in its services and directed Quality Resources to cease calling her.

12.    Alternatively, even if Quality Resources at one point obtained prior express consent to contact Plaintiff at her cellular telephone, Plaintiff revoked consent to be called at her cellular telephone during the aforementioned conversation.  Accordingly, Quality Resources no longer had consent to dial Plaintiff's cellular number after having been directed to cease the calls.

3

13.     Despite Plaintiff's unequivocal instruction to cease calling, Quality Resources continued to call her.

14.     The telephone number called by Quality Resources was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15.     The calls from Quality Resources to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

16.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Without prior consent, the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18.     Quality Resources placed calls to Plaintiff's cellular telephone using a prerecorded voice, knowing that it lacked consent to call her number.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

4

19.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

24.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

25.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

26.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

28.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 18, 2013                    LEMBERG & ASSOCIATES, LLC


By:   */s/   Trinette G. Kent*
Trinette G. Kent
Attorney for Plaintiff
Dawn French